# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO: _____

SC PROPERTY ACQUISITION, LLC and SC
TRUST, LLC, n/k/a SC TRUST FLORIDA, LLC
as Trustee under the Surf Club Land Trust
Agreement, dated October 22, 2013, as amended
and restated on February 18, 2014,

     *Plaintiffs*,

vs.

FIRST MERCURY INSURANCE COMPANY,
a foreign surplus lines insurance carrier,

     *Defendant*.

_____/

## COMPLAINT

Plaintiffs, SC PROPERTY ACQUISITION, LLC ("SC Property") and SC TRUST, LLC, n/k/a SC TRUST FLORIDA, LLC as Trustee under the Surf Club Land Trust Agreement dated October 22, 2013, as amended and restated on February 18, 2014 ("SC Trust") (collectively, "SC"), sue Defendant, FIRST MERCURY INSURANCE COMPANY ("FMIC"), as follows:

### NATURE OF ACTION

1. This is an action for damages arising from FMIC's breach of the insurance contract issued to SC and for FMIC's failure to timely and properly adjust and pay their claim.

## JURISDICTION

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This action involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

## VENUE

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this action occurred in this judicial district, to wit, the insured property is located in this district and the events giving rise to the claim occurred in this district.

## PARTIES

4. <u>SC Property</u>:  SC Property is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Fort Lauderdale, Florida.

5. <u>SC Trust</u>:  SC Trust was a corporation organized under the laws of the State of Florida and later converted into SC Trust Florida, LLC, organized under the laws of the State of Delaware. The principal place of business is in Fort Lauderdale, Florida.

6. <u>FMIC</u>:  Upon information and belief, FMIC is a foreign corporation with its principal place of business in Morristown, New Jersey.  FMIC is licensed to conduct business in Florida and actively conducts the business of issuing insurance policies in Florida.

## FACTUAL BACKGROUND

### The Policy

7. FMIC issued and delivered to SC Trust an Owner Controlled Insurance Program ("OCIP") Policy No. FMPN 10 0052, with policy period from December 31, 2013 through December 31, 2016 ("FMIC Policy"). Endorsement form IL 12 01 11 85 amends the FMIC Policy to

provide coverage from December 31, 2013 through December 31, 2018. SC Trust is listed as the "Name[d] Insured" and SC Property is an Additional Named Insured. The FMIC Policy provides $2 million limits of liability for each occurrence, the general aggregate, and for products-completed operations. A copy of the FMIC Policy is attached as **Exhibit A**. A copy of the Endorsement extending the policy period is attached as **Exhibit B**.

8. An endorsement to the FMIC policy modifies the Commercial General Liability Coverage to "apply only to 'bodily injury,' 'property damage,' 'personal and advertising injury' and medical expenses arising out of: (1) the ownership, maintenance, or use of the premises shown in the Schedule, and operations necessary or incidental to those premises; or (2) the project shown in the Schedule." *See* Ex. A, Form CG 21 44 07 98.

9. The Schedule describes the Premises as 9011 Collins Ave., Surfside, FL 33154 ("Premises"), and the Project as The Surf Club – three 12 story condominium buildings, one 12 story hotel building, one 5 story garage, and five cabanas (the "Project"). *Id.*

10. The Insuring Agreement of the Commercial General Liability Coverage Form states "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* at , Form CG 00 01 12 07, Section I(1)(a).

### The Project

11. SC Trust contracted with Coastal Construction of South Florida, Inc. d/b/a Coastal Condominiums ("Coastal") for the renovation and construction of the Project. The Project's construction process called for sand excavation; SC Trust secured a permit from the state to allow it to deposit the excavated, sifted and cleaned sand on the beach adjacent to the Project. Coastal

developed a "Beach Sand Placement Logistical Plan" ("Logistical Plan") for the sifting and cleaning process.

### Demands on SC

12. Although SC Trust and Coastal followed the Logistical Plan, construction debris, including nails, screws, concrete and tile, was subsequently found on the beach during a June 2014 inspection by the Florida Department of Environmental Protection ("FDEP"). FDEP ordered SC to remove all construction debris from the sand so as to be in compliance with the permit conditions; the Town of Surfside similarly demanded that the beach be fully remediated.

13. The Surf Club, Inc. ("Surf Club"), a related entity[1], entered a Consent Order with the FDEP in December 2014, which was amended October 16, 2015. As part of the Consent Order, Surf Club agreed to a Mitigation Plan. Under the Mitigation Plan, SC agreed to hire qualified contractors approved by the DEP to perform manual collection of debris visible on the surface of the beach and perform daily collection of metal material below the surface of the beach. The Mitigation Plan further called for, *inter alia*, mechanical sifting of the full 18-inch depth of the fill material, grading of the sand, and restoring and revegetating any damage to the dunes. The amended Consent Order required the fill material to be removed and replaced with beach quality sand.

14. In complying with the Mitigation Plan, SC incurred substantial costs.

15. In addition to the costs incurred resulting from the demands of the FDEP, SC incurred costs arising from Town of Surfside Ordinance No. 15-1631, passed and adopted in March 2015. This Ordinance set sand testing protocols stricter than those of the FDEP.

---

[1] Surf Club is an additional insured under the FMIC Policy. *See* FMIC Policy, Ex. A, Extension of Declarations, Form No. CVX-DEC-EX-1.

16.     Following discovery of the construction debris, Miami-Dade County and the Town of Surfside raised concerns about the concentrations of arsenic and lead in the sand. Upon testing and analysis, however, the levels of arsenic and lead found on the beach at The Surf Club were consistent with the natural background arsenic and lead levels found in Miami-Dade County.[2]

17.     Under the Consent Order and corresponding Mitigation Plan, and due to Surfside Ordinance No. 15-1631, SC became legally obligated to pay for the substantial costs in the removal of construction debris and remediation of the beach sand.

18.     SC made a claim under the FMIC Policy for the expenses incurred resulting from the above-described removal of construction debris and remediation of the beach sand as "property damage" arising out of the ownership, maintenance or use of the premises and operations necessary or incidental to those premises or the Project.

### FMIC's Denial of Coverage

19.     FMIC first denied coverage on April 6, 2015, citing several FMIC Policy provisions, and reserving its right to deny coverage under additional endorsements and exclusions. In that letter, FMIC took the following positions:

  a. FMIC denied coverage based on the Total Pollution Exclusion with a Hostile Fire Exception, arguing that the construction debris found on Surfside's beach was "waste" within the definition of a "pollutant". *See* Ex. A. Policy Endorsement Form No. CG 21 55 09 99; Section V(15).

  b. FMIC also claimed there was no coverage because the Logistical Plan was not "necessary or incidental" to SC's operations on the premises, or was not part of the Project identified in the Schedule. FMIC conversely argued that if the Logistical

---

[2] Various independent environmental consulting firms including Terracon Consultants, Inc., LandScience, Inc., Hazardous Substance & Waste Management Research, Inc., and Geosyntec Consultants, Inc., confirmed that the levels of arsenic detected in the sand near Surf Club were consistent with naturally occurring levels common to marine sands and did not present a risk to human health. The Terracon Consultants study found levels of lead well below the acceptable Commercial Industrial Limits.

Plan was necessary or incidental to SC's operations, coverage was nevertheless excluded under the "Property Damage Caused By Your Work" ("Your Work") exclusion, and to the extent the Your Work exclusion applied, so did Exclusions j(5) and j(6).

20. On April 27, 2015, the undersigned responded on SCs' behalf, requesting FMIC reconsider its denial because the exclusions do not apply.

21. By letter sent May 21, 2015, FMIC, without citing to specific facts, elected to maintain its coverage denial.

22. On July 2, 2015, due to FMIC's failure to comply with its obligations under the FMIC Policy and under Florida Statutes, Plaintiffs filed a Civil Remedy Notice of Insurer Violation ("CRN") with the Florida Department of Financial Services. A copy of the CRN is attached as **Exhibit C**.

23. FMIC failed to pay the claim or correct the circumstances giving rise to the violations listed in the CRN within the sixty-day safe harbor period. As such, Plaintiffs have perfected their right to pursue the civil remedies authorized by FLA. STAT. § 624.155.

## GENERAL ALLEGATIONS

24. SC engaged undersigned counsel to represent them in this action and agreed to pay a reasonable fee for services rendered.

25. SC paid all premiums and otherwise satisfied all conditions precedent to recovery under the FMIC Policy, including the payment of damages in excess of the Contractors Self Insured Retention under the FMIC Policy.

26. All conditions precedent to bringing this action have been performed, occurred, or have otherwise been waived.

## COUNT I – BREACH OF CONTRACT

27. SC realleges paragraphs 1 through 26 above.

28. <u>Enforceable contract</u>:  At all times material to this action, SC was insured under the FMIC Policy, which is an enforceable contract under the laws of the State of Florida.  All conditions precedent for coverage under the FMIC Policy have been satisfied.

29. <u>Duty</u>:  The FMIC Policy obligates FMIC to, *inter alia*, indemnify SC as alleged in Paragraphs 1 through 26, except as may be limited by exclusions or other limitations.

30. <u>Breach</u>:  FMIC, through the acts of its agents, servants, and/or employees, failed to perform its obligations under the FMIC Policy as alleged herein and thus breached the FMIC Policy by failing to indemnify SC in relation to the removal of the construction debris and remediation of the beach as described above.  No exclusions or other limitations apply.

31. <u>Damages</u>: As a direct, foreseeable, and proximate result of FMIC's breach of its obligations under the FMIC Policy, SC has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs, SC TRUST, LLC, n/k/a SC TRUST FLORIDA, LLC as Trustee under the Surf Club Land Trust Agreement, dated October 22, 2013, as amended and restated on February 18, 2014 and SC PROPERTY ACQUISITION, LLC, demand judgment against Defendant, FIRST MERCURY INSURANCE COMPANY, for damages in an amount to be proven at trial, the costs of this action, pre- and post-judgment interest, attorney's fees pursuant to FLA. STAT. § 627.428 and/or § 626.9373, and any further relief this Court deems equitable, just, and proper.

## COUNT II – BAD FAITH[3]

32. SC realleges paragraphs 1 through 26 above.

---

[3] Plaintiffs agree to abate this Count and will not seek discovery related to their bad faith allegations pending resolution of the breach of contract claim in Count I.

33. FMIC, through the acts or omissions of its agents, employees, or representatives, violated FLA. STAT. § 624.155(1)(b)(1) and § 626.9541(1)(i)(3) as made actionable by § 624.155(1)(a)(1).

34. Under these statutes, FMIC owed a duty to SC to make all decisions regarding the handling of the claim in good faith and with due regard for SC's interests, to use the same degree of care and diligence in the handling of its claim as a person of ordinary care and prudence should exercise in the management of his or her business, to place SC's interests at least on equal footing with its own interests in considering the claim, and to protect SC against liability arising from the claim.

35. FMIC breached these duties and violated the statutes listed above through the following acts or omissions:

   a. FMIC failed to settle its insured's claim in good faith when it could and should have done so, and acted unfairly and unreasonably toward its insured in denying coverage by citing to an exclusion to bar coverage without providing evidence of how and why the exclusion applied, and failing to provide adequate facts to justify the application of the exclusion (FLA. STAT. § 624.155(1)(b)(1));

   b. Failing to adopt and implement standards for the proper investigation of claims, as demonstrated by FMIC's summary denial of coverage without providing a factual basis for the denial (FLA. STAT. § 626.9541(1)(i)(3)(a));

   c. Misrepresenting coverage under the FMIC Policy to the insured based on an unsupported application of an FMIC Policy exclusion when, but for the improperly applied exclusion, Plaintiffs' claim would be covered by the FMIC Policy (FLA. STAT. § 626.9541(1)(i)(3)(b));

   d. Denial of Plaintiffs' claim without conducting a reasonable investigation and without providing a factual basis to support the denial. Specifically, FMIC denied coverage for Plaintiffs' claim without investigation into the environmental effects, or lack thereof , that would transform the construction debris into an "irritant" or "contaminant", key language within the exclusion upon which FMIC relies, but nonetheless, asserted that the exclusion applies to bar all coverage (FLA. STAT. § 626.9541(1)(i)(3)(d)); and,

  e. Failing to promptly provide a reasonable written explanation to Plaintiffs for the basis of the denial based on the FMIC Policy and in relation to the facts or applicable law. Instead, FMIC denied all coverage by relying on an exclusion, without detailing how specific facts relate to the application of the exclusion (FLA. STAT. § 626.9541(1)(i)(3)(f)).

36. FMIC breached the above duties to SC with knowledge and/or with reckless disregard of both SC's interests and of the lack of any reasonable basis for its coverage position.

37. The acts complained of constitute FMIC's general business practices in that, upon information and belief, such acts: (a) were expressions of, and in compliance with, FMIC's standard practices and procedures; (b) conform to what FMIC contends are good faith practices; and (c) consequently or incidentally, occur with such frequency as to indicate a general business practice.

38. As a direct and proximate result of FMIC's breaches of its duties, SC suffered, and continues to suffer, damages.

**WHEREFORE**, Plaintiffs, SC TRUST, LLC, n/k/a SC TRUST FLORIDA, LLC, as Trustee under the Surf Club Land Trust Agreement, dated October 22, 2013, as amended and restated on February 18, 2014 and SC PROPERTY ACQUISITION, LLC, demand judgment against Defendant, FIRST MERCURY INSURANCE COMPANY, for all damages that are the reasonably foreseeable result of FMIC's violations of FLA. STAT. § 624.155(1)(b)(1), and § 626.9541(1)(i)(3), which may include an award or judgment in an amount that exceeds policy limits as well as pre- and post-judgment interest pursuant to FLA. STAT. § 624.155(8), punitive damages pursuant to FLA. STAT. § 624.155(5), attorney's fees and costs pursuant to FLA. STATS. §§ 627.428, 624.155(4), and/or 626.9373, and any further relief this Court deems equitable, just, and proper.

## JURY DEMAND

Plaintiffs, SC TRUST, LLC, n/k/a SC TRUST FLORIDA, LLC, as Trustee under the Surf Club Land Trust Agreement, dated October 22, 2013, as amended and restated on February 18, 2014

and SC PROPERTY ACQUISITION, LLC, demand a trial by jury of all issues so triable as a matter of right.

Dated this 2nd day of January, 2019.

        Respectfully submitted,

        **Ver Ploeg & Lumpkin, P.A.**
        100 S.E. Second Street
        Thirtieth Floor
        Miami, Florida 33131
        Telephone: (305) 577-3996
        Facsimile: (305) 577-6558

        */s/ Christine A. Gudaitis*
        **Christine A. Gudaitis, Esq.**
        Florida Bar No. 0502693
        cgudaitis@vpl-law.com
        **Olivia J. Hansen, Esq.**
        Florida Bar No. 1003873
        ohansen@vpl-law.com